Cannon *et al. v.* Helfrick.

Filed Dec. 20, 1884.

---

No. 11,750.

CANNON ET AL. *v.* HELFRICK.

MECHANIC'S LIEN.—*Evidence.*—*Supreme Court.*—For an example of evidence regarded by the Supreme Court as "fairly tending" to support a verdict for the enforcement of a mechanic's lien, and sufficient to support it in the Supreme Court, see opinion.

From the Floyd Circuit Court.

*J. V. Kelso,* for appellants.

*J. Herter,* for appellee.

FRANKLIN, C.—Appellee sued appellant and others for a bill for lumber, and to enforce a mechanic's lien for its payment.

The issues, in so far as they affected the parties to this appeal, were denial and payment. There was a trial by the court, finding for the plaintiff, and over a motion for a new trial judgment was rendered for the plaintiff for $58.07. Cannon, the owner of the real estate upon which the improvement was made, has appealed to this court, and assigned as error the overruling of his motion for a new trial. The only reasons stated for a new trial are, that the finding of the court was contrary to law, and not supported by sufficient evidence.

Michael Cannon, appellant, was the owner of the property ; his son Thomas lived with him upon the premises, and contracted with appellant Bullock to build an addition to the dwelling-house in which they lived ; appellee Helfrick sold the lumber sued for to said contractor, and it was used in building said addition. The son paid $100 thereon, and the balance, $58.07, remained unpaid. The contract was made and the lumber furnished in May, 1882.

The 5294th section, R. S. 1881, provides that "this act shall only extend to work done or materials furnished on new buildings, or to a contract entered into with the owner of any building for repairs ; * * * and not to any contract made with the tenant." There is no claim that Thomas Cannon was tenant at the time the lumber was furnished. And it is insisted by appellant Michael Cannon that there was an entire failure in the proof to establish the son's agency, and to hold appellant's property liable for payment.

Appellee testified that he sold the lumber to Bullock, who gave him an order on Thomas Cannon for $100, which he paid ; that the bill was showed to Thomas at the time of said payment, who said that it was all right. Did not know whether it was for the old man or the young man. Bullock said that it was for Cannon, and Cannon knew that the bill

had not been fully paid; had seen the old man about the premises.

George Cardwell testified that Michael Cannon and wife in May, 1882, mortgaged the property in dispute to secure a note executed by Thomas Cannon, but did not know what was done with the money for which the note was given.

Michael Cannon testified that he had lived in the cottage house to which the addition was made six or seven years; that in 1882 he was at home of nights, but worked out during the days; he left of mornings before the carpenter came, and the carpenter had left of evenings before he returned. Thomas told him that Bullock was the carpenter; he had nothing to do with the building; supposed his wife and Thomas had it done. Thomas was not a partner, but lived in his family. At the time the mortgage was made he understood that Thomas was to pay for the building with the money and go into business.

Thomas Cannon testified that he was thirty-three years old, lived with his father, made the contract with Bullock for the improvement of his father's house, and paid Bullock in full; paid appellee Helfrick $100 on Bullock's order; the plaintiff never said anything about any more being due until after he had fully paid Bullock; saw no bill for lumber; supposed the $100 was all that was due upon the lumber; nothing was said about whether there was anything more due upon the lumber; would have paid it all if he had known there had been any more due; he made the improvements on his own account, and his father had nothing to with the contract; did not make the contract as agent; his father knew nothing about it; he borrowed the money to go into business; went into business and used the money in his business and not in the house. The improvements were made as an accommodation to himself and as a gift to his father. At the time he had a bank account of $200; that, with the $500 he borrowed, was all the money he had to pay for the repairs and improvements on his father's house and interest in his

business; the addition belongs to his father and mother, for he gave it to them. Did not live with them at time of trial.

Bullock's testimony was as to getting the lumber of appellee, using it in the building, and Thomas paying him in full, and that he yet owed the balance to appellee.

The judgment was against Bullock for the claim, and a lien was declared upon the premises for its payment. We think the evidence fairly tends to sustain the finding of the court.

There can be no question about appellant, at the time, knowing all about the improvements being made upon his property, that he made no objections thereto; he can not afterwards accept them as a gift from his son, freed from the lien for their payment.

The case of *Thompson* v. *Shepard*, 85 Ind. 352, is very similar to the one under consideration, and in which it was held that "Where a married woman, owning a city lot, mortgaged it to raise money to improve it by the erection of a house thereon, the husband taking the money, and, with her knowledge and consent, erecting the building, employing another to plaster it, the necessary inference follows that the husband was either her agent or a contractor to build the house, and in either case the statute gives the plasterer a right to a mechanic's lien, by recording the proper notice."

Prior to the passage of the act of March 6th, 1883, notice by the mechanic or material man to the owner of the property, that he intended to hold a lien upon the property, other than as required to be recorded by the statute, was not necessary in order to create liability. Hence, in this case, the fact that Thomas had fully settled with Bullock, the contractor, without knowing that there was anything further due plaintiff, the lumberman, can be no defence to this action.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Sept. 18, 1884. Petition for a rehearing overruled Jan. 22, 1885.