The Jeffersonville Water Supply Company v. Riter et al.

No. 16,761.

THE JEFFERSONVILLE WATER SUPPLY COMPANY v.
RITER ET AL.

MECHANIC'S LIEN.—*Purchaser of Real Estate.—Liability of.—Complaint.*
—A complaint to enforce a mechanic's lien under the act of 1883 is
sufficient as to a purchaser of the real estate if it shows that the fur-
nishing of materials commenced prior to the transfer.

SAME.—But a complaint against A to enforce a mechanic's lien, which
shows that the contract was made with B prior to a conveyance of
the land to A, is bad if it fails to show that materials were furnished
or labor done while the title was still in B.

SAME.—*Failure of Purchaser to Record Deed.—Notice.*—The right to as-
sert a mechanic's lien is not affected by the failure of a purchaser
of the real estate to have his deed recorded, whereby notice of the
transfer is not acquired until after the work is begun.

SAME.—*Sufficiency of Notice.—Time of Completion of Work.—Pleading.*
—A general allegation that notice of intention to hold a lien was
filed "within sixty days after furnishing the material and doing the
work" is sufficient under the statute and is not controlled by spe-
cial averments showing that the work was submitted to inspection
and test at an earlier day, if it also is shown that defects were
thereby disclosed which postponed its actual completion to the
date alleged.

From the Floyd Circuit Court.

*A. Dowling*, for appellant.

*J. H. Stotsenburg, E. B. Stotsenburg* and *S. S. John-
son*, for appellees.

HOWARD, J.—This was an action brought by the ap-
pellees to enforce a mechanic's lien, and for the collec-
tion of a balance of nearly four thousand dollars alleged
to be due on a contract for the erection of a standpipe
for a system of water works.

The complaint was in four paragraphs, to which sep-
arate demurrers were overruled, as were also separate
motions to strike out the notice of lien and all allegations

in connection therewith, in the second, third and fourth paragraphs of the complaint.

The appellant answered in general denial of each paragraph of the complaint, and also filed interrogatories which were answered by the appellees.

The venue was changed from Clark to Floyd county, and there was a trial before the Honorable George V. Howk, judge of that circuit, who took the cause under advisement, but who died before announcing his finding. The case was then, by consent, submitted, on the same evidence, to the honorable judge below, who returned his special finding, as requested by the appellant, with conclusions of law thereon, in favor of the appellees. Judgment was rendered in accordance with the conclusions of law.

It is alleged, in the first paragraph of the complaint, that on April 6, 1888, Samuel R. Bullock, who was a codefendant of the appellant in the court below, but who does not appear as a party to this appeal, owned a certain described lot in Port Fulton, Clark county, Indiana; that on said day the appellees and said Bullock entered into an agreement to the effect that appellees should furnish the materials for and erect a standpipe on said lot for a water works system for the city of Jeffersonville; that on April 10, 1888, the work of furnishing material for said standpipe commenced, and the same was completed on December 1, 1888; that the agreed price of the work was $8,072, and, on October 10, 1888, the sum of $4,000 was paid upon said amount, and the further sum of $86.03, as freight on material, was also paid, leaving due and unpaid $3,985.97; that all material furnished by appellees in the construction of said work was used in said standpipe upon said lot; that on the 4th day of December, 1888, and within less than sixty days after said material was furnished and said standpipe finished, the

appellees filed in the recorder's office of the county a notice of their intention to hold a lien on said property for the amount of their said claim, setting forth also a description of the property; that the notice was duly recorded, and a copy is filed with the complaint; that on April 21, 1888, the said Bullock and his wife conveyed said real estate to the appellant, who is now the owner of and using and operating the same.

The mechanic's lien law, in force during the time the alleged work was done, was the act approved March 6, 1883 (Acts 1883, p. 140; Elliott's Supp., section 1688 and following; section 7255 and following, R. S. 1894).

It is insisted that under provisions of said act, the demurrer to the first paragraph of the complaint should have been sustained as to the appellant, "for the reason that it does not appear that any materials were furnished or any labor performed by the appellees before the conveyance of the lot by Bullock to appellant;" and many authorities are cited to show that "the alienation of the real estate before any labor is performed or materials are furnished, defeats the right of a mere contractor for labor and materials to subject the property in the hands of a purchaser to the statutory lien for labor done and materials furnished after such alienation of title."

The contention of appellant would undoubtedly be good under the authorities cited, if it were in fact true that the paragraph of complaint showed that the materials were furnished and the work done after the conveyance of the land. But it is expressly alleged that the conveyance from Bullock to appellant was made "by deed dated April 21, 1888." It is likewise alleged "that on the 10th day of April, 1888, the work of furnishing material, etc., for said standpipe commenced, and materials for the same were furnished."

As said in appellant's brief, "the language of the act

of 1867, as to the priority of mechanics' liens, is substantially the same as that of the act of 1883. In *Fleming* v. *Bumgarner*, 29 Ind. 424, the court gave a construction to the act of 1867, and said: 'A fair construction of the law is, that the lien of the mechanic or material man relates to the time when the work commenced, or the materials began to be furnished, as to subsequent conveyances as well as to other liens.'

This construction of the law was approved in *Kellenberger* v. *Boyer*, 37 Ind. 188, and the court added, citing other authorities: 'A subsequent transfer of the property ought and does not affect the lien after work has actually been begun.' "

For a full discussion of this subject see Phillips Mech. Liens, Chap. XIX.

We are of opinion that the first paragraph of the complaint is not subject to the objection urged by the appellant under his demurrer. At most, the allegation relating to work and material would be subject to a motion to make more specific as to the nature of the work and the place of furnishing the material.

The second paragraph of the complaint is quite similar to the first. It is further alleged in this paragraph, that the appellees had no actual knowledge of the transfer of the lot from Bullock to appellant until the completion of the work. This allegation is lacking in clearness, and was also subject to a motion to make more specific. The reasonable inference, however, is that appellant failed to put its deed on record until the completion of the work. It is not easy to conceive any other legal reason why appellees should have no knowledge of the transfer of title. Appellant could not, by concealing its deed, defeat the lien of appellees, even if the material were not furnished nor the labor done until after the transfer of title. For this purpose there need

not have been intentional fraud on the part of Bullock or appellant; but if, by the fault or mistake of appellant, appellees were kept in ignorance of the transfer of title until after the labor and material were furnished, appellant could not take advantage of its own wrong to defeat the rights of appellees.

By section 3350, R. S. 1894 (section 2931, R. S. 1881), a conveyance not "recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration."

By section 3345, R. S. 1894 (section 2926, R. S. 1881), no conveyance "shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act."

In *Runyan* v. *McClellan*, 24 Ind. 165, under like statutes, it was decided, in effect, that such unrecorded deed is void "as to a person who has, without notice, in good faith, and for a valuable consideration, acquired a legal interest in the land." See, also, *Pierce* v. *Spear*, 94 Ind. 127.

The second paragraph of complaint was good against the demurrer.

The motions to strike out the notice of lien, and all allegations in connection therewith in the second, third, and fourth paragraphs of complaint, were correctly overruled. The reason urged in favor of these motions is that it appeared from the pleadings themselves that the notice was not filed in time. The general allegation is made in the second paragraph, that this notice was filed "within sixty days after the furnishing of the material and doing said work." Like allegations are made in the other paragraphs. There are no special statements go-

ing to show that these general allegations are incorrect. This is sufficient under the statute, section 7257, R. S. 1894 (section 1690, Elliott's Supp.).

That the work was so far done that the standpipe was ready for inspection and testing in September, 1888, but that it was not actually tested by filling with water until November, when leaks were found, which were closed by appellees, at which time the work was finally received by appellant, does not show that the work was finished in September. The contract was to furnish material and erect a standpipe as a part of a system of water works to supply the city of Jeffersonville with water for fire and other purposes. Whether this had been done could only be determined by testing the work, by putting the standpipe in actual operation, and thus discovering whether it was sufficient for its purpose as provided in the contract. Only on such a test could the work be pronounced complete, the labor performed and materials furnished. By the allegations it appears that the test showed that additional labor was in fact necessary, and that this labor was actually performed by appellees. Appellees might themselves, perhaps, complain of the delay by appellant in testing and accepting the work, but appellant is in no position to make such complaint.

The additional allegations in the third paragraph of the complaint make it somewhat uncertain upon what theory this paragraph proceeds. It is alleged that Bullock contracted with appellant to erect a system of water works, bought the land and conveyed the same to appellant in pursuance of such contract; that while he held the title to the land he entered into the contract with appellees for the standpipe; that the appellees, "about the 5th day of July, 1888, and by direction of defendants (Bullock and appellant), and in presence of, and by the

consent and knowledge of the resident officers, superin-
tendent, and agents of said Water Supply Company, re-
moved the same to the said real estate so conveyed to
said Water Supply Company, and thereupon, in the
presence of, by consent, and under the direction of said
officers and agents, and superintendent, proceeded in
good faith, to erect and complete said standpipe accord-
ing, in all respects, to the terms of their contract; and
that when completed the same was received and put into
immediate use by said Water Supply Company, and be-
came, and now is, a material and necessary part of its
system of water works, and is so used by said company
in supplying said city with water."

If by this it is meant that the appellees were sub-con-
tractors, and that the appellant was owner of the land
with notice of the labor performed, and the material
furnished by appellees, then the allegations are insuffi-
cient under the statute then in force (section 5, Act
March 6, 1883, Acts 1883, p. 140; section 1692, Elliott's
Supp.), which required the sub-contractor, "at or before
the time he furnishes the material or performs the
labor," to notify the owner that he is so doing.   Under
that statute, while in force, as it was during the prog-
ress of this work, mere knowledge on the part of the
owner that labor was being performed, or materials fur-
nished for the erection of a structure on his premises, as
has frequently been held, was insufficient to enable the
mechanic or material man to acquire a lien.   *Parker* v.
*Dillingham*, 129 Ind. 542, and authorities there cited.

It is more probable, however, that the theory intended
to be advanced in the third paragraph of the complaint,
is that, in the contract with the appellees, and in the
superintendence of the work of erecting the standpipe,
Bullock represented appellant, and that all he did was

in fact done for the company, of which he was the sole and exclusive controller and manager during the building of the water works.   If this were in fact true, the acts of Bullock in the premises would be the acts of the company.   As to the appellees, he would be the agent and representative of the appellant; and the allegations made as to the presence, consent, and direction of the officers of appellant, in agreement with the contract, orders, direction and supervision of Bullock, would be material.   *Thompson* v. *Shepard*, 85 Ind. 352; *Cannon* v. *Helfrick*, 99 Ind. 164;  Phillips Mech. Liens, sections 59, 89.

But the allegations of the paragraph of complaint, as made, are not sufficient for such a theory.   Neither are we able to discover any theory upon which this third paragraph can stand.   It does not appear, from any allegations made therein, that any materials were furnished or labor performed while the title to the land was in Bullock; yet it is alleged that the contract for the work was made with Bullock before he conveyed the land to appellant.   We think the paragraph bad on demurrer.

The fourth paragraph is much like the third.   It is evidently an attempt to show that Bullock was the representative and manager of the appellant company, if not indeed the real owner and controller of its stock and franchise, and the sole director of its officers and organization during the time of the building of the water works, and particularly during the time of the erection of the standpipe.

Were the allegations sufficient to set forth such a state of facts, the paragraph would undoubtedly be good.   In such a case, the acts of Bullock in the premises would be the acts of the appellant, and binding upon it as such.

As the allegations are made, however, this paragraph must also be held bad.

An examination of the finding of facts by the court shows that while the finding is well supported by the evidence, yet it is not within the issues as made in the complaint. Evidently the court based its finding upon the theory attempted to be made in the third and fourth paragraphs of the complaint, namely, that Bullock and the appellant company were, in effect, one and the same; that Bullock was the sole controller and manager of the company; that he owned all the stock except a few shares which he gave to the directors to enable them to qualify as such; that all the officers, including the superintendent or chief engineer of the works, were under the direction of, and received their pay from, Bullock, who transacted all of the business of the company.

The allegations of the complaint, however, as we have seen, set forth no such theory. If the necessary allegations were even imperfectly or defectively made, their weakness would be cured by the finding of the court. But essential allegations wholly omitted can not be supplied from the finding. A plaintiff can receive only what he asks for in his complaint, and 'upon the allegations of fact therein made.

The motion for a new trial should have been granted, not, as we think, because the finding of the court is not sustained by sufficient evidence, but because it is contrary to law, as not being within the issues formed by the complaint.

The judgment is reversed, with instructions to grant a new trial, and with leave to file an amended complaint.

Filed May 29, 1894.