Conlee *et al. v.* Clark *et al.*

---

No. 1,673.

## CONLEE ET AL. *v.* CLARK ET AL.

MECHANICS' LIEN.—*Last Work Done.—Time of Filing Notice.*— Work done by a contractor to remedy a defect in the performance of his work, caused by his own negligence, for which he makes no charge, but which is necessary to complete the performance, may be considered the last work done for the period of fixing the time for filing the lien, under the statute giving sixty days after performing the labor or furnishing material.

SAME.—*Lien as Against Purchaser.*—A lien may be had for labor and material upon a building, as against a purchaser before the expiration of the time for filing a lien, who relies upon the vendor's representation that the bill has been paid in settling with him, especially where the time for filing the lien is extended by labor performed at his special instance and request.

From the Marion Superior Court.

*J. A. Pritchard,* for appellants.

*J. T. Lecklider,* for appellees.

GAVIN, C. J.—Appellees, the Clarks, sued to foreclose a mechanic's lien against property owned by the appellant Conlee, who answered by a general denial. The trial resulted in finding and judgment for appellees, over appellants, motion for new trial.

The insufficiency of the evidence is the cause for new trial presented to us.

In the consideration of the evidence it must be borne constantly in mind that we are not permitted to determine the weight of the evidence. We are simply permitted to say whether or not there is some evidence fairly sustaining every material fact, looking at the evidence in the light most favorable to the party who succeeded in the trial court. Where there is a conflict we must accept the conclusion of the trial court which decided thereon in favor of the appellees. *Currie Fertilizer Co.* v. *Byfield*, 9 Ind. App. 181.

One Smith owned the real estate in question. He was engaged in building a house thereon, and in March, 1893, made a contract with the Clarks to do certain plumbing, including putting in a bath tub (furnished by Smith) and water closet for a specified sum. While the work was being done, about May 4th, Smith sold the property to appellant Conlee, who knew the work was not finished. By May 15th, the plumbers left the house, and appellees reported to Smith that the work was completed and asked about their money. On May 25th, appellant moved in, and upon lighting the fires found that the connections with the bath tub were not properly made, the hot water going to the closet box instead of to the tub. Appellant informed Smith of the fact, and he promised to see Clark. This Smith failed to do; appellant then called up Clark by telephone, told him what was wrong and asked him if he would fix it. He said he would, and sent a man up who used a small

amount of material, and in a short time put the pipes in proper working condition. For this appellee made no charge and so informed the appellant. Both Smith and appellant believed the work to have been properly completed until the defect was discovered. Appellant and others testify that this last work was done on May 27th or 26th, but appellee and the workman swear it was on June 2d. On July 31st, appellees filed the notice of their lien. About July 5th, appellant settled with Smith, and paid him for the property.

In June, appellee informed appellant that the bill was unpaid. Appellant then asked Smith about it, but he asserted it was paid. The contract between Smith and appellant had been that the deed should be left in *escrow* and the money paid and deed delivered when receipts were furnished for all bills against the house. For some reason, however, appellant concluded to accept the deed, and relied upon Smith's statement that the bills either had been or would be paid, just what these representations were it is somewhat difficult to determine from the evidence. Appellant says at one place, "I only know this, that when I finally settled with Mr. Smith, Mr. Smith told me at that time that the money I gave him would pay all the claims."

Both the appellant and the appellee testify that the work was not properly completed without the additional labor. The appellant's testimony being:

"Quest. Did you consider it was completed and in good condition before? Ans. I did when I took possession of the house.

"Quest. At the time you telephoned? Ans. I did not consider it complete. As a matter of course I did not."

Thus the evidence is direct that the contract was not in fact performed until these pipes were properly con-

Conlee *et al.* v. Clark *et al.*

nected.   From the very nature of the case also, it seems to us that there was a substantial failure to fulfill the terms of the contract until this was done.   It is true the work appeared to be complete until it was tested, but yet it was not in fact in condition to substantially accomplish the purpose desired until the proper connections were made.

Taking the evidence altogether, we think the court was justified in finding that the last work was done by appellees at appellants' request, in good faith, for the purpose of completing and fully performing their contract.

Appellants' counsel argue very earnestly, and with much force, that since this last work was done simply to correct appellees' own mistake, or to remedy the defect caused by their own negligence, and they neither made nor were entitled to make any charge therefor, it cannot be considered as fixing the time from which the period allowed for filing the lien dates.

The case of *Harrison & Bro.* v. *Homeopathic Assn.,* 134 Pa. St. 558, and possibly some other Pennsylvania cases do indeed sustain this view, but we cannot regard it as in consonance with the spirit of our statute, nor in harmony with the weight of authority.   Counsel also lay stress upon the fact that appellant is an innocent purchaser.   We do not see how he can be said to occupy that position.

When he purchased the property the work was manifestly incomplete.   He was thereby apprised that it was liable to liens.   When he paid for it the time for filing a lien had not yet expired, even if it be dated from its apparent completion, as claimed by appellant. He had been expressly informed in June that the bill was not paid.   If he relied upon Smith's statement to the contrary, he must abide by the results of his own mis-

Conlee *et al. v.* Clark *et al.*

placed confidence.    Moreover, if the time for filing the lien was extended by the last labor done, this was performed at his special instance and request, and he must be deemed chargeable with the knowledge of the legal consequences of his own act. The cases other than those in Pennsylvania relied upon by appellant do not, in our opinion, lend his position substantial support.

By *Noel* v. *Temple*, 12 Ia. 276, it is decided that the house was actually completed without the additional work, which was a mere matter of form to enable the mechanic to gain a priority of lien, and therefore, not to be regarded.

In *Dunn* v. *McKee*, 5 Sneed, 657, the opinion is quite meager.   The house was completed in August, 1853, and the additional work was repairing a leak in the roof in April, 1854.    Whether done to save litigation merely, or to remedy a defect in the original execution of the work, does not appear.    It was not shown to have been done in completion of the contract, and the decision of the court is that the "conclusion is almost irresistible" that the work had been completed at a time prior to such repairs.

In *Flint* v. *Raymond*, 41 Conn. 513, the performance of three hours' work was purposely delayed for nine months (during which the rights of mortgagees accrued) "in order to keep alive their right to an incumbrance upon the property should Raymond fail to pay them after giving him such time for the purpose as they were led by a friendly regard to do." There was here a manifest perversion of the purpose of the statute. The court then holds that "after a contract is substantially completed there should be no unnecessary or unreasonable delay in fully completing the work to be done," and that the lien must be taken within sixty

VOL. 14—14

days from such substantial completion.    In *Sanford* v. *Frost*, 41 Conn. 617, the unexplained delay in doing a "trifling amount" of work upon an apparently completed building, was six months, and a *bona fide* purchaser had intervened.    The above case was there followed.

In the later case of *Cole* v. *Uhl*, 46 Conn. 296, the delay was from December 1st to February 27th.    The court held it distinguishable from both the above cases because the additional work was, although still small, greater in amount, and the time comparatively short, but more especially because the delay was by the original party to the contract.

In *Nichols* v. *Culver*, 51 Conn. 177, the house was substantially completed September 25th.    The whole work came to $2,756.00.    November 22d various little matters were done, worth in all $14.13.    The time for filing lien was held to date from this last work, although it is said:   "If it appeared that this work might have been added by the builder for the mere purpose of saving his lien, we should not feel disposed to sanction it; or if, after the work apparently closed by the putting on of the blinds in September, third parties had acquired an interest in good faith for a valuable consideration, the additional work might come within the principle of the decisions in 41 Conn., *supra*, although the marked difference in the period of . delay would occasion some hesitation," and the case is held to come within *Cole* v. *Uhl*, *supra*.

Our statute, section 7527, R. S. 1894, gives the lien upon filing with the recorder the proper notice "within sixty days after performing such labor or furnishing such material."

In *Stephenson* v. *Ballard*, 82 Ind. 87, the law is thus declared:   "In the case at bar, the claim is for work

and also for materials in repairing a dwelling house, and the suit is by the original contractors, who did the work and furnished the materials under one contract, and the notice was filed within sixty days after the last work was done, but not within sixty days after the materials were furnished; they were furnished two months before the last work done. In such a case upon such an entire contract, the statute is satisfied if the notice is filed, as it was in this case, within sixty days after the last work done."

Substantially the same rule is announced in *Hamilton* v. *Naylor*, 72 Ind. 171.

In *Jeffersonville Water Supply Co.* v. *Riter*, 138 Ind. 170, a stand-pipe was so far completed as to be ready for testing and inspection in September, but it was not actually tested by filling with water until November, when leaks were found which were closed and the work finally received. The court, by Howard, J., held that the work was only then finished, the additional labor being in fact necessary and performed by the mechanic.

In *Worthen* v. *Cleaveland*, 129 Mass. 570, we find a case closely analogous to that in hand. There one having a contract for the purchase of a lot to be carried out by April 1st, employed a mechanic to build a cellar wall, which he did during the fall and warranted it to stand through the winter, but it did not do so, and part was injured by frost, etc. In April, after the rights of the purchaser had been forfeited, the mechanic to make good his warranty restored the wall. The court decided that the time allowed for filing a lien would date from this last work when it was done with the knowledge and consent and at the request of the owner of the fee, although if done voluntarily without such consent it would not. There as here the owner against whom the lien was enforced did not make the original

contract for the work, nor did the original employer specifically direct or authorize the additional work to be done, but the one owning the fee at that time did so do.

In *Turner* v. *Wentworth*, 119 Mass. 459, a small amount of additional work was done at the owner's request seven or eight months after the other was performed.

The court there says : "The evidence showed that the petitioners did some labor and furnished some materials used in the erection of the building, within the thirty days. If this was done in good faith, for the purpose of completing their contract, and not colorably in order to revive their lien, the thirty days would begin to run from the time they thus performed labor and furnished materials."

To substantially the same effect is *Hubbard* v. *Brown*, 8 Allen 590.

*McIntyre* v. *Trautner*, 63 Cal. 429, was to foreclose a plumber's lien. About the middle of February the defendant objected that "the job was not satisfactory," and "that he would not accept it," etc., that "the pipes leaked," and requested plaintiff to go and "put them into proper shape." This was done April 25, 1878, and the lien filed within sixty days thereafter. The court said: "The defendant cannot be heard to say that the additional work done at his request to complete the contract was not a continuation of the previous work and done under the same contract. The lien was filed in time."

In *Gordon Hardware Co.* v. *San Francisco, etc., R. R. Co.*, 86 Cal. 620, the work on the railroad under the contract was completed June 2d, but by the requirement of the engineer, two weeks additional labor was applied to removing debris dumped on certain land contrary to the contract. Yet the time for filing the lien was held to date from the termination of this work not

called for by the contract, but done simply to make good the party's neglect or failure to comply with the contract.

In *St. Louis Nat'l Stock Yards* v. *O'Reilly*, 85 Ill. 546, after possession was taken of the buildings, defects and omissions were discernible, which the contractors, by the architect's direction, supplied. It was held that the contracts could not be said to have been completed until this work was done, and that the time for filing notice then began to run.

We have not here an effort by the contractors to revive a right to a lien already lost, because when this work was done there was an undisputed right to file the lien. Nor was the work done by them voluntarily without the knowledge of the one most directly interested, merely for the purpose of extending the time for filing a lien, as in *Heath* v. *Tyler*, 44 Md. 312, but as we have already stated, the work was done in good faith, to complete and carry out the contract and at the request of the appellant, whose property was affected thereby; and under our statute and the decisions the time allowed for filing the lien dates from the last work done. We are unable to construe the cases cited by appellant, other than the Pennsylvania one, as deciding that the time begins to run from the date of the last item on the bill, for which a specific charge is made. The labor in question was required to complete the contract, and compensation therefor was included in the gross sum for which appellees agreed to do the work.

The addition of the words "June 2d, last labor performed" did not add anything material to, nor materially alter the bill. The notice already stated in general terms that the last labor had been done within sixty days. The addition made added nothing to the legal effect, because the material fact was, whether or not

the work was done within the sixty days; whether on one particular day or another did not matter.

With the view we have taken of the main question involved, we have not found it necessary to determine technical questions raised.

Judgment affirmed.

REINHARD and LOTZ, J. J., dissent.

Filed January 21, 1896.