## REED SMOKELESS FURNACE COMPANY *v.* THE STATE.

[No. 4,954.   Filed December 9, 1904.]

CONTRACTS.—*Acceptance of Article Conditioned on "Satisfaction of Purchaser."—Test.—Rejection.*—Where a certain furnace device was contracted for by defendant and it was provided in such contract that defendant should have a certain time in which to test same, and if at the expiration of such time such device fulfilled the warranty

given, and was constructed in a good workmanlike manner, and "to the satisfaction of said second party," and the defendant notified plaintiff within the time that he could not accept the device, and thereby rejected same, the plaintiff can not recover.

From Superior Court of Marion County (General Term, 67); *Vinson Carter, James M. Leathers* and *John L. McMaster,* Judges.

Action by the Reed Smokeless Furnace Company against the State of Indiana. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Charles E. Barrett, Fred E. Barrett, E. A. Brown* and *B. B. Cohen,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

ROBY, J.—This action was instituted by appellant to recover the contract price of a certain furnace device for saving coal and consuming smoke, alleged to have been installed at the Indiana state prison at Michigan City. Trial was had, finding made, and judgment rendered in appellee's favor. The complaint was founded upon the contract, performance of which was averred. The answer was a general denial. The contract contained provisions as follows: "Fourth. Said first party [appellant] shall grant to said second party a period of ninety days from the date when said device is completely installed and constructed, as a trial period, within which said second party may test the same, during which time first party shall furnish an experienced fireman, free of expense (except his board and lodging, which said second party shall provide), for such period as shall be necessary to instruct the fireman of the second party in the use and operation of said device.   *   *   * Eighth. At the end of said trial period of ninety days said second party shall at once determine and announce to said first party the result of their determination as to the question of consumption of smoke and saving of fuel, as before

described in this contract. If said second party shall determine that said device does meet the guaranty and warranty aforesaid, in all particulars, and said construction and installation of such device, and the machinery and appliances connected therewith are furnished, made and done in good and workmanlike manner, and to the satisfaction of said second party, then, in that event, said second party shall thereupon and within thirty days from that time pay to said first party the sum of $1,800 cash, in full satisfaction and payment for said device."

The "guaranty and warranty" referred to was that the device sold would consume seventy-five per cent. of the smoke otherwise produced by a furnace, and save twenty-five per cent. of the coal otherwise consumed. In various ways the appellant questions the sufficiency of the evidence. Its point is that under the issue but two questions were presented for decision: (1) Did appellant construct the furnace as contracted for? (2) Did appellee, within ninety days after its completion, make a test and notify appellant of its rejection? Appellant began the construction according to the contract. The work was delayed for various reasons, some of which were due to the officers of the institution and some to the company, and not completed until quite an interval after the time specified by the contract. It was, perhaps, not entirely finished at any time; but the delay was acquiesced in, and the unfinished part was of such trifling importance that the allegation of performance by appellant was fairly established. There was considerable communication after the completion of the work relative to its approval and acceptance. Tests were made under appellant's supervision, and the appliances were regularly used. Within ninety days after the completion the warden notified appellant that he could not recommend the acceptance of the plant or the payment of the money. He also expressed his inability to determine whether the plant met the requirements of the contract. The

tests made were subsequent to this letter, and did not result in an acceptance. The evidence warranted the court in finding that there was a substantial compliance by appellee with the terms of the contract on its part, and a rejection of the plant. The case is a severe one. Appellant acted in good faith, and it is regretable that it is compelled to lose so heavily as it does, but such facts are not sufficient to authorize the reversal of the judgment.

Judgment affirmed.