## HARTZELL ET AL. *v.* PRANGER.

[No. 9,067. Filed May 12, 1916. Rehearing denied November 22, 1916. Transfer denied December 21, 1916.]

1. APPEAL.— *Review.— Verdict.— Conclusiveness.— Conflicting Evidence.*—Where there is a conflict in the evidence, the decision of the trial court is conclusive. p. 383.

2. MECHANIC'S LIEN.—*Time for Filing.—Last Work Done.*—Where plaintiff, under a contract fixing no time for the completion of the work, installed a heating plant in a residence, and several months thereafter, under the direction and with the consent of

the owner, removed a section of the boiler for the purpose of remedying defects in the plant, a notice of an intention to hold a mechanic's lien, filed within the statutory time after the completion of such additional work, was within the proper time and plaintiff was entitled to a foreclosure of the lien. p. 384.

From Allen Circuit Court; *John W. Eggeman*, Judge.

Action by Frank Pranger against John R. Hartzell and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*John H. Aiken, Lee J. Hartzell* and *Ray McAdams*, for appellants.

*William C. Ryan*, for appellee.

McNUTT, J.—This was a suit by appellee Pranger, against appellants, to recover a balance alleged to be due him for installing a heating plant in appellants' residence, and to foreclose a mechanic's lien against the real estate upon which the residence is located.

Briefly, the complaint alleges that in 1912 appellee entered into a contract with appellants by which they agreed to pay him $638 to install a hot-water plant for heating their dwelling house, and to furnish all materials therefor; that he performed said contract, and completed the work on May 23, 1913; that said materials, work and labor were of the reasonable value of $638; that appellants paid $400 on said contract leaving $238 unpaid, which, on demand, they refused to pay; that on July 19, 1913, within sixty days after completing the work, he filed notice of a mechanic's lien, which was duly recorded, and is made a part of the complaint by exhibit, praying judgment for said balance, $100 attorneys' fees and for foreclosure of said lien.

To this complaint appellants filed an answer in two paragraphs, the first being a general denial, and the second a plea of payment to which appellee replied in general denial. Appellants also filed a counterclaim setting up in substance that appellee was employed by the P. & H. Sup-

ply Company, a corporation from whom appellants purchased a hot-water heating plant, to install said plant in appellants' house for $632, and that said plant was guaranteed by appellee to be of sufficient capacity to heat appellants' twelve-room residence at a temperature of seventy-two degrees in zero weather, and to burn less coal than any hot-air furnace and to properly heat said residence; that it was agreed that one-half of the contract price, or $316, should be paid when the work was completed, and the other half when the heating plant was tested out to seventy-two degrees in zero weather; that it was also agreed that appellee was to do said work in a workmanlike manner; that said work was not done in a workmanlike manner and said plant was not properly installed and did not properly heat said house during the winters of 1912 and 1913; that the plant was not inspected in zero weather, and was not installed so that appellants could so inspect it; that it will be necessary to have said plant repaired or a new plant installed, and it will cost $500 to put said plant in working order; that after repeated efforts to get said plant in working order, appellee finally left said work in May, 1913, and that appellants have been unable to test the same in zero weather; that by reason of said improper installation, appellants have been damaged in the sum of $500 for which amount they pray judgment.

Appellee filed a reply in general denial to the counterclaim. The cause was submitted to the court for trial, resulting in a finding and judgment in appellee's favor for $167, and for foreclosure of appellee's lien and sale of the real estate described in the complaint.

The only error relied on for a reversal is the overruling of appellants' motion for a new trial, in support of which it is urged that the decision and finding of the court is contrary to law, and is not supported by sufficient evidence.

Appellants in their brief make no contention that the

contract for the installation of the heating plant in question was between appellants and the P. & H. Supply Company, a corporation, and the cause seems to have been tried on the theory that the contract was between appellee and appellants as alleged in the complaint.

The contract between appellee and appellants for the installation of the heating plant was a verbal one, and there is a direct conflict in the evidence by the parties as to what the contract was with reference to the time when the work should be paid for. Appellee contends that he was to be paid for the work when the same was completed, and that his contract to install a heating plant that would heat appellants' residence to seventy-two degrees in zero weather was not a condition precedent to his receiving payment for the work.

Appellants contend that one-half of the contract price was to be paid when the heating system was installed, and the other half when the plant was tested out and heated the house to seventy-two degrees in zero weather. Appellants admit that $300 of the contract price was paid before the heating system was installed and that an additional $100 was paid about the time the system was installed. The sum paid by appellants was almost two-thirds of the contract price, and their conduct in that respect is wholly inconsistent with their contention here.

Appellants cite and rely on the case of *Reed, etc., Furnace Co.* v. *State* (1904), 34 Ind. App. 265, 72 N. E. 615, but an examination of that case shows that the contract was in writing, and that the state was to have ninety days in which to test out the heating plant, and if it was accepted after such test, the contract price was to be paid. There was no dispute as to the time when the plant was to be tested. In the case now under consideration 1. there is a conflict, and where there is a conflict in the evidence, we must accept the conclusion of the trial court. This rule is so well settled that citation of authority is unnecessary.

It is earnestly insisted, however, by appellants, that the last work under the contract was done in October, 1912, and that the notice of lien was not filed until July 19, 1913, more than sixty days after the completion of the work. Appellants admit that appellee removed a section of the heating plant in May, 1913, but insist that this was done for the sole purpose of making the plant conform, if possible, to the guarantee, and was not such work and labor entering into the contruction of the plant as would give appellee the right to a lien filed within sixty days thereafter, relying upon the case of *Conlee* v. *Clark* (1896), 14 Ind. App. 205, 42 N. E. 762, 56 Am. St. 298, to support their contention. The court in the Conlee case decided that the work done by a contractor to remedy a defect in the performance of his work, caused by his own negligence, for which he makes no charge, but which is necessary to complete the performance, may be considered the last work done for the period of fixing the time for filing the lien under the statute giving sixty days after performing the labor or furnishing the material. It will be seen that the decision in the Conlee case does not support appellants' contention, but on the contrary supports the contention of appellee.

It is not contended by either party to this appeal that any time was fixed by the contract in which the work was to be performed. It is admitted by appellee that the heating plant was installed in the fall of 1912. The evidence shows that during the following winter appellants were making complaint that the plant did not work satisfactorily, and appellee on different occasions secured the services of experts to examine the plant, and along in March was advised by one of such experts that a change should be made in the boiler by removing a section. This advice was communicated to appellant Hartzell and appellee was thereupon directed to "go ahead and take that section of the boiler out of there." It is not disputed that

this was done on May 25, 1913. It would appear, therefore, from the evidence that this work was done by appellee in good faith, for the purpose of bettering the plant, and was done not only with the consent, but by the direction of appellant John Hartzell.

In the case of *Stephenson* v. *Ballard* (1882), 82 Ind. 87, the court said: "In the case at bar, the claim is for work and also for materials in repairing a dwelling-house, and the suit is by the original contractors, who did the work and furnished the materials under one entire contract, and the notice was filed within sixty days after the last work done, but not within sixty days after the materials were furnished; they were furnished two months before the last work was done. In such a case, upon such an entire contract, the statute is satisfied if the notice is filed, as it was in this case, within sixty days after the last work done."

In the case of *Jeffersonville Water Supply Co.* v. *Riter* (1894), 138 Ind. 170, 37 N. E. 652, a standpipe was so far completed as to be ready for testing and inspection in September, but it was not actually tested by filling with water until November, when leaks were found which were closed and the work finally received. The court held that the work was only then finished, the additional labor being in fact necessary and performed by the mechanic. See, also, *Whitcomb* v. *Roll* (1907), 40 Ind. App. 119, 81 N. E. 106.

We are of the opinion that the court below was clearly right in concluding that appellee filed his notice of lien in time, and was entitled to foreclosure of the lien. As stated before, the other questions involved in appellants' motion for a new trial were decided in appellee's favor upon conflicting evidence, and in such case this court is powerless to disturb such finding. Judgment affirmed.

NOTE.—Reported in 112 N. E. 530. Mechanic's lien: (a) whether work done or material furnished in perfecting original work are

lienable items to establish period for filing claim, note, 12 L. R. A. (N. S.) 864; (b) time for filing, as extended by substituting new materials for those already furnished, Ann. Cas. 1912C 217, 27 Cyc 143; (c) last work done as fixing time for filing, note, 62 App. 382.