MAY TERM, 1916.        377

Kessler et al. *v.* Grocers' Chemical Works—62 Ind. App. 377.

---

KESSLER ET AL. *v.* GROCERS' CHEMICAL WORKS.

[No. 8,937.   Filed June 8, 1916.]

MECHANICS LIENS.—*Time for Filing.—Last Work Done.*—Where, in an action to foreclose a mechanic's lien the evidence discloses that the plaintiff, a brick contractor, some time after the completion of the brickwork, was required to return to the building to complete his contract by repairing certain defective work, which work could not have been performed at the time the brickwork was done nor prior to the completion of the carpenter's work, such service being rendered under the direction and at the request of the defendant's architect without any additional charge being made therefor, the date of such work may be considered as fixing the commencement of the period in which a mechanic's lien could have been filed.

From Vanderburgh Superior Court; *F. M. Hostetter,* Judge.

Action by Philip Kessler and others against the Grocers Chemical Works. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Albert G. Veneman* and *William C. Welborn,* for appellants.

*William P. Miedreich* and *Harry C. Dodson,* for appellee.

McNUTT, J.—This was a suit by appellants, who were partners doing business under the firm name of Kessler, Riebenthaler & Company, against appellee, a corporation, to foreclose a mechanic's lien. Appellee filed answer to the complaint in general denial, also a counterclaim, to which appellants' demurrer was overruled, and the cause was put at issue by appellants' reply in general denial. At the close of appellants' evidence in chief, appellee moved the court for judgment in its favor on the ground that appellants had failed to show that the notice of lien had been filed in time, which motion the court sustained. The overruling of appellants motion for a new trial is the only error assigned which need here be considered.

It clearly appears from appellants' evidence in chief that on January 26, 1912, appellee and one Hoffman entered into a written agreement for the construction of a three-story brick factory building in the city of Evansville, Indiana, on the real estate described in the complaint and owned by appellee; that said contractor Hoffman employed appellants to do the brickwork and furnish materials for $5,700. The specifications for the construction of the building contained, among others, the following provisions:

"Brick layer is to work in harmony with * * * other contractors, to assist in the setting of all materials of all kinds which come in contact with his work. After the walls have thoroughly set he is to fill in around the building and repair all paving that has been disturbed. All joints between brick and stone and all brick laid back of stone shall be made tight to insure uniform settling. Point up under the sills after the work is set to make same air tight. * * * All holes which may be left in the brick work, for use of build-

ing scaffolding or any other cause, shall be neatly filled up and finished by the mason when the building is nearing completion. All cracks of any kind which may show around frames, or in any other part of the brick work shall be carefully closed up with cement. * * * All brick to be laid at such times and in the best manner for the interests of all contractors, and with the general progress of the building always considered. All brick work as shown necessary to complete the building is to be done without additional expense to the owner."

It is also shown by the testimony of appellants that the brickwork was completed some time in June, 1912, but that in August, after the other contractors had performed their part of the work, appellants went back to finish up; that they requested appellee to indicate what was lacking, and its architect, in the presence of appellee's secretary, gave them a note of what he wanted done to finish up the work, and it was done; that some loose bricks that had been knocked loose by the carpenters were replaced; some pointing up of the brickwork was done; wooden strips were put in above the windows; that appellants did some work around the doors and put in bumpers for the sliding doors, all of which required the work of one man for a day and a half; that it was the custom that damage and defects by other contractors should be fixed up by the bricklayers; that no extra charge was made for any of this work for the reason that it was required by their contract; that this work was done about August 20 or 22, 1912; that appellants filed their mechanic's lien, which was introduced in evidence, on October 10, 1912; that there was due and owing them for work done under their contract a balance of $851.05, which was past due and unpaid.

It was also shown that there was pending in the same court a suit by appellee against the said contractor on his bond, in which appellee alleged in its complaint, in substance, that the contractor had failed to pay appellants in full for their work and labor done, and for materials furnished, by them in constructing the brickwork on the building; that there was due appellants $844, for which they had filed a lien against the building and that, unless said contractor paid or secured the payment of said lien, suit which was then threatened, would be brought against appellee to its great damage. It was also shown that a suit by the contractor against appellee was pending in said court for the balance of contract price, and that appellee filed a plea in abatement, which was sworn to by one Boink, secretary of appellee, in which plea it was alleged, in substance, that appellants were subcontractors and had not been paid for material, work and labor, and to protect themselves, had filed a lien against the building for $844; that there was more due appellants than said contractor claimed in his suit and that under his contract he was obliged to pay said appellants, which he had failed to do. The labor performed, and materials furnished, as shown by this evidence, appellants were required to perform and furnish in order to complete their contract, and such work could not be performed at the time the brickwork was done, nor until the carpenters had finished their work. It is also shown that said work was done at the request of appellee's architect in the presence of appellee's secretary. The complaint filed by appellee against the contractor, and the plea in abatement filed by appellee to the contractor's suit, tended to show that appellee recognized that appellants' lien was valid. Appellee cites one

Indiana authority to sustain its contention that the lien in question was not filed in time, being the case of *Sulzer-Vogt Machine Co.* v. *Rushville Water Co.* (1902), 160 Ind. 202, 65 N. E. 583; but the case does not sustain appellee's contention. In that case the court said: "After the owner had accepted the boiler, fixtures, etc., as fully completed, and had for more than four months been in the possession thereof, the contractor ceased to be the agent of the owner, in the absence of an objection by the latter that the contract had not been completed, to order additional materials that might be made the basis for an extension of the time in which to file a lien for the original work and materials furnished by the subcontractor." Other cases cited by appellee on this point are from other jurisdictions. Some of these are from Pennsylvania, and this court in the case of *Conlee* v. *Clark* (1896), 14 Ind. App. 205, 208, 42 N. E. 762, 56 Am. St. 298, speaking of the leading Pennsylvania case said: "The case of *Harrison & Bro.* v. *Homeopathic Assn.*, 134 Pa. St. 558, and possibly some other Pennsylvania cases do indeed sustain this view, but we cannot regard it as in consonance with the spirit of our statute, nor in harmony with the weight of authority." It was decided by this court in the Conlee case, *supra*, that work done by the contractor to remedy a defect in the performance of his work caused by his own negligence, for which he makes no charge but which is necessary to complete the performance, may be considered the last work done for the period of fixing the time of filing the lien under the statute. *Jeffersonville Water Supply Co.* v. *Riter* (1894), 138 Ind. 170, 37 N. E. 652, was a case where a standpipe was so far completed as to be ready for testing and inspection in September, but it was not actually tested by filling

with water until November, when leaks were found which were closed and the work finally received. The court held that the work was only then finished, the additional labor being in fact necessary and performed by the mechanic. See also *Whitcomb* v. *Roll* (1906), 40 Ind. App. 119, 81 N. E. 106; *Stephenson* v. *Ballard* (1882), 82 Ind. 87; *Hartzell* v. *Pranger* (1916), — Ind. App. —, 112 N. E. 530.

Under the authorities cited above and our mechanic's lien law, which this court has said should be liberally construed to the end that a mechanic or materialman shall have the protection which the statute was intended to give, where it is clear that one falls within the protection of the statute (*Toner* v. *Whybrew* (1911), 50 Ind. App. 387, 98 N. E. 450) and the evidence introduced by appellants before they rested their case, we are of opinion that the trial court should have found for appellants. It follows that the finding and judgment of the trial court is not supported by sufficient evidence and is contrary to law, and that the court erred in refusing a new trial.

The cause is reversed, with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 113 N. E. 317. Mechanic's lien, last work done as fixing time for filing, 12 L. R. A. (N. S.) 864; 27 Cyc 147.