## CLARAGE v. PALACE THEATER CORPORATION.

### [No. 12,438.   Filed April 27, 1926.]

MECHANICS' LIENS.—*Notice of mechanic's lien filed within sixty days after test of machinery installed by subcontractor was filed within time fixed by statute when owner required such test before payment.*—Notice of intention to hold a mechanic's lien filed within sixty days after a test of machinery installed by a subcontractor was within the time fixed by statute when the owner refused to pay for the same until said test was made and led the lien claimant to believe that he would be paid as soon as the test showed him to be entitled to his money.

From St. Joseph Superior Court; *Lenn J. Oare*, Judge.

Action by Charles Clarage, doing business as the "Clarage Fan Company," against the Palace Theater Corporation. From a judgment for defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*Edmund Wills* and *Arnold, Carson & Judie*, for appellant.

*L. E. Pennish, W. S. Carlisle* and *Parker, Crabill, Crumpacker & May*, for appellee.

THOMPSON, J.—This is an action by appellant against appellee to foreclose a mechanic's lien. The complaint alleges, in substance, that appellee was the owner of lot number four and part of lot number five in the original town of South Bend, Indiana; that Ralph Sollitt and Sons Company, in June, 1922, contracted with the owners to erect a theater building on the property and that the Charles H. Law Plumbing and Heating Company subcontracted for the installation of the plumbing, ventilating and heating appliances; that on March 17, 1922, appellant contracted with said plumbing company to install and furnish the plumbing for the ventilating system and air cooling and air purification devices for appellee theater, and furnished for, and there was incorporated within said building supplies, material and machinery conformable to all the construction contracts

and subcontracts, and there became due and payable to appellant a balance of $2,907.45 for said work and materials; that the last of the work was done and the last materials furnished in April, 1923, and was then accepted by the contractor and owners; that a bill of particulars of said work, equipment and materials was attached to said complaint; that on May 18, 1923, notice of intention to hold a mechanic's lien was filed by appellant in the office of the recorder of said county, against the owner, principal contractor and subcontractor, for the amount due which was $2,907.45, together with $450 attorney fees.

Appellee answered by a general denial. There was a trial by the court and a finding for appellee.

Appellant filed a motion for a new trial on the grounds: (a) That the decision of the court is not sustained by sufficient evidence; (b) that the decision of the court is contrary to law. The motion was overruled, and appellant excepted.

The evidence in the case shows that after appellant entered into the contract with Charles H. Law Plumbing and Heating Company, it delivered to said company and to the theater materials and equipment under said contract, and on October 25, 1922, all the equipment was delivered and installed in the theater by the plumbing company and the appellant. Appellant then demanded his pay as per contract, and appellee refused by saying that the equipment was not according to contract. Appellant and appellee had conferences and correspondence with reference to the alleged defects, and on April 6, 1923, appellee wrote appellant that no money would be paid until appellant submitted his machinery to a test showing air delivery and air capacity as specified in the contract. The parties met on April 11, 1923, a test was made, and appellant thereafter did some painting and supplied some missing bolts, which work and material,

according to appellant's testimony, amounted to $40 or $50. Appellee sought to deny that any material was furnished or any work was done after said test was made, but we do not have to predicate this decision on that question, for the evidence shows, without contradiction, that appellee refused to pay until a test was made, and had led appellant to believe that he would be paid as soon as the test showed him to be entitled to his money. The lien in question was filed on May 18, 1923, and within sixty days after said work was completed.

The error relied on for reversal is the overruling of the motion for a new trial.

The only question for our decision is whether or not the notice of intention to hold a lien was filed within the sixty days provided by statute.   Under the undisputed evidence, we hold that it was.   See *W. P. Nelson Co.* v. *Weyl, Rec.* (1919), 71 Ind. App. 675, 125 N. E. 466; *Conlee* v. *Clark* (1896), 14 Ind. App. 205, 42 N. E. 762, 56 Am. St. 298; *Hartzell* v. *Pranger* (1916), 63 Ind. App. 380, 112 N. E. 530; *Jeffersonville Water Supply Co.* v. *Riter* (1894), 138 Ind. 170, 37 N. E. 652.

The court erred in overruling the motion for a new trial.

Reversed.