KORING *v.* VARNER.

[No. 13,510.   Filed November 13, 1929.]

*Paul H. Schmidt,* for appellant.
*James T. Cutler,* for appellee.

NEAL, J.—Appellant commenced this action against appellee in the lower court by filing a complaint in three paragraphs.   The first paragraph is on the theory of work and labor performed and materials and supplies furnished on a *quantum meruit* basis; the second, for material and supplies furnished and work and labor performed as agreed; third, for the foreclosure of a mechanic's lien on account of work and labor performed and material and supplies furnished.   Appellee answered

the complaint in two paragraphs: First, a general denial; second, partly in confession and avoidance and partly argumentative denial. The court found for the appellee and rendered judgment accordingly. The error assigned is that the court erred in overruling appellant's motion for a new trial, and the particular causes or reasons designated therein, and which we will discuss, are: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding is contrary to law; and (3) the court erred in excluding certain evidence offered by the appellant at the trial.

The evidence consists of certain stipulations, written exhibits and oral evidence offered by the appellant. A resume of the facts established by the evidence is as follows: That the appellee, Victor T. Varner, was the owner and in possession of a certain parcel of real estate situated in Evansville, county of Vanderburgh, State of Indiana, from January 1, 1927, continuously until this day, the day of the trial, and which real estate is familiarly known as "905 West Franklin street" in the city of Evansville, Indiana; that, on or about April 26, 1927, the appellee employed Charles S. Kuster, a general building contractor, to construct for him an office building on the real estate mentioned, and that, by the terms of the contract, Kuster agreed to furnish all lumber, labor and material necessary for the completion of the proposed building in accordance with the plans and specifications agreed upon by the parties, including all the plumbing work and material and labor therefor used in the building; that the appellant did perform labor and furnish materials in the construction of the building pursuant to a contract with the general contractor, Kuster, and that the labor performed and materials furnished were of the reasonable value of $305; that appellant commenced work on or about May 9, 1927, and completed his work sometime in July of the same

year; that appellant, in the month of July, 1927, made demand upon Kuster, the general contractor, for the amount due and owing him; at the time of the demand for payment, appellant knew the work was completed; that he did not press his demand for settlement because "he" (Kuster) had so much work and had his money laying out in new buildings, "it was explained to me, me and Kuster was good friends, I thought I would let him have the use of it, I thought I would get my money"; that appellant did not file a lien in July, 1927, for the reason that he trusted Kuster, although he knew that, if he wanted the benefit of a mechanic's lien, it was necessary to give notice of his intention within 60 days from the completion of his contract; that he did not file his notice of lien until December 23, 1927, because Kuster was a friend; that some time in August, 1927, the plumbing inspector of the city advised him to put a hanger in the basement; that, pursuant to the instruction of the inspector, and without any authority of the appellee, he caused the hanger to be placed in the basement of appellee's property in December, 1927; that also, in August, 1927, the toilet became out of order and appellee called appellant, who sent a workman to repair the same, but no charge was made; that the toilet was repaired and the hanger was placed after the "job was completed"; that Kuster never asked appellant to "fix the hanger," and at the time the hanger was placed in the basement, the appellant knew that the contract between appellee and the general contractor had been completed and accepted, and Dr. Varner (appellee) had moved in; that the appellant, during the progress of the installation of the plumbing, talked with the plumbers, and this appellant had given directions as to the installation of the plumbing; that, on December 23, 1927, appellant filed his intention to hold a lien in the recorder's office

of Vanderburgh county; that the notice of lien described appellee's property; stated that labor was performed and materials furnished for the erection and construction of the building; and that "said work and labor was done and materials furnished by me at the request of Charles Kuster (who contracted with you for the construction of said building) and within the last sixty days."

The evidence wholly fails to sustain a recovery on either the first or second paragraphs of complaint. Appellant contracted with Charles Kuster, the general contractor, and not with appellee, to furnish certain materials and perform labor for the installation of the plumbing in the building. Appellant demanded payment of Kuster, and by reason of friendly relations, permitted Kuster to have the use of his money, knowing full well that the building had been accepted by appellee and that the general contractor had been paid the amount of the contract price. Appellant did not give appellee notice of any intention to hold him personally responsible as provided by §9839 Burns 1926. In the case of *Neeley* v. *Searight* (1888), 113 Ind. 316, 15 N. E. 598, the Supreme Court, in denying the right of the contractor to recover, said: "It seems clear beyond question, that to enable persons who perform labor for or furnish materials to a contractor to assert a lien against the interest of the owner, with whom they stand in no direct personal privity of contract, something more is required than that the person asserting the lien should be able to show knowledge on the part of the owner or his agent that the labor was being performed or the materials furnished by him"; and also: "mere personal knowledge of the owner, obtained by matter *in pais*, that persons are performing labor or furnishing materials to the contractor, does not supply a statutory notice upon which the person

performing the labor or furnishing the materials can predicate a mechanic's lien on the owner's property."

While the language used in *Rhodes* v. *Selvage* (1919), 69 Ind. App. 533, 122 N. E. 352, as to the law making the contractor the agent of the owner, is general in its terms, it must be considered as applying to lien cases, and is not to be extended to cases when no lien is sought to be enforced, and where the action is one at law only, and to cases at law when there is, in fact, an agency to purchase materials.

It will be observed that the appellant, on December 23, 1927, filed his notice of intention to hold a lien on the real estate owned by appellee. According to his own evidence, the plumbing which he had installed in the building pursuant to his contract with Koring, the general contractor, had been completed to the satisfaction of the general contractor, and the entire building constructed to the approval of the owner, almost six months before the notice of the lien was filed. Also we are confronted with the salient facts that the appellee took possession of the building and occupied the same about the first of July; that appellant, in the same month, demanded payment for all his work of the general contractor; that appellant did not press the general contractor for payment because of the friendship existing between them; that the evidence warrants the inference that appellant became uneasy about being able to collect his claim from the general contractor and, thereupon, on his own motion, without any request either from the appellee or the general contractor, in December, 1927, sent one of his employees down to install a pipe hanger in the basement. The evidence does not show that the hanger installed was detailed in the plans or mentioned in the specifications for the construction of the building. Appellant calls our attention to the following Indiana cases in support of his proposi-

tion that "where, even after the contract is substantially completed, contractor does further work or furnishes further material, which is necessary for the proper performance of his contract, and this is done in good faith, for the purpose of fully completing the contract, the period for filing the lien will run from the doing of such work or the furnishing of such materials, regardless of the value thereof," viz.: *Conlee* v. *Clark* (1896), 14 Ind. App. 205, 42 N. E. 762, 56 Am. St. 298; *Kessler* v. *Grocers' Chemical Works* (1916), 62 Ind. App. 377, 113 N. E. 317; *Hartzell* v. *Pranger* (1916), 63 Ind. App. 380, 112 N. E. 530. We are of the opinion that the facts of this case are not analogous to the facts in any of the cases cited; neither do the facts of this case bring the same within the principle of law invoked by appellant. The appellant, a subcontractor, had completed his work in July. The placing of the hanger in the basement almost six months after the completion of his work, pursuant to the order of the plumbing inspector, given in August, without the direction of either the owner or general contractor, was evidently not for the purpose of completing his work, but an attempt to bring to life a right to file a lien which had been dead for several months.

In regard to the refusal of the court to permit appellant to introduce certain offered evidence, it is apparent that if the same had been admitted, the trial court's conclusion could not have been changed, and, if the evidence was in the record, it would in no way alter our opinion.

Judgment affirmed.