JULIUS H. SHAW and Another v. CHARLES FJELLMAN and Others.

June 7, 1898.

Nos. 10,989—(141).

**Contract for Heating Plant—Guaranty to Maintain—Repairs after Completion—Filing of Lien Statement within 90 Days.**

The contractor agreed to construct "a plumbing and heating plant" in the building, keep and maintain the plant in good order for one year after it was completed, and execute a written guaranty to that effect. In consideration thereof, the owner of the property agreed to pay the contractor a certain sum at the end of such year. The latter performed the contract, and, in doing so, made repairs three times during such year after the plant was completed, the last time being on the last day of the year. The lien statement was filed within 90 days thereafter. *Held,* as against such owner, the contract is an entirety, and the lien statement was filed in time, although as against third parties acquiring rights in the property for value after the completion of the plant, and without actual notice or knowledge of the contract, it is not an entirety, and the lien statement is not filed in time.

**Same—Innocent Purchaser or Incumbrancer—Burden of Proof.**

But *held,* it does not appear that the respondents are innocent purchasers or incumbrancers for value, without notice.

Appeal by plaintiffs from an order of the district court for Hennepin county, Simpson, J., sustaining the separate demurrers of defendants Busch and Anheuser-Busch Brewing Association to the complaint. Reversed.

*Merrick & Merrick,* for appellants.

Counsel cited Frankoviz v. Smith, 34 Minn. 403; Scheible v. Schickler, 63 Minn. 471; Hubbard v. Brown, 8 Allen, 590; Turner v. Wentworth, 119 Mass. 459; Monaghan v. Putney, 161 Mass. 338; St. Louis v. O'Reilly, 85 Ill. 546; Northern v. Cleaveland, 129 Mass. 570; McIntyre v. Trautner, 63 Cal. 429; Waganstein v. Jones, 61 Minn. 262; Jeffersonville v. Riter, 138 Ind. 170.

*Welch, Hayne & Hubachek,* for respondents.

Counsel cited Harrison v. Homeopathic, 134 Pa. St. 558; Berry v.

Turner, 45 Wis. 105; Avery v. Butler, 30 Ore. 287; Flenniken v. Liscoe, 64 Minn. 269.

CANTY, J.

This is an action to foreclose a mechanic's lien, and the question raised is whether the lien statement was filed within the statutory time.

The complaint alleges that the defendant Fjellman was the owner of the land on which he was erecting a building; that on March 30, 1895, he entered into an agreement with plaintiffs whereby it was agreed that they should furnish, place, and construct "a full and complete plumbing and heating plant" in the building, complete said plant in a good and workmanlike manner, "keep and maintain the same in good and perfect condition and running order for one year from the date of the completion" of the same and of its acceptance by Fjellman, and execute to him a written guaranty to that effect, and that, in consideration thereof, he agreed that at the end of such year, on the full performance by plaintiffs of said contract on their part, he would pay them the sum of $1,075; that plaintiffs commenced the construction of said plant March 31, 1895, and the same was completed December 31, 1895, and accepted by Fjellman January 10, 1896; that on the latter date plaintiffs executed a written guaranty pursuant to the contract, and, in performance and fulfilment of the same during the year in which said guaranty was in force, furnished labor and material rendered necessary in order to maintain the plant and keep it in repair; that said repairs were furnished January 8, 1896, November 19, 1896, and December 31, 1896, all of which are set out in a bill of particulars made a part of the complaint. The lien statement was filed March 13, 1897.

It is further alleged that the defendants Busch and Anheuser-Busch Brewing Association claim some interest in the property superior to the right of plaintiffs. These two defendants demurred to the complaint on the ground that it does not state a cause of action; and from an order sustaining the demurrer, plaintiffs appeal.

The statute (G. S. 1894, § 6236) requires the lien statement to be filed within 90 days after the time of furnishing the last item

of the labor or material; and respondents contend that in this case the lien statement was not filed within the 90 days; that, in order to preserve a lien for the labor and material furnished in constructing the plant, a lien statement therefor should have been filed within 90 days after the same was completed; and that the time for filing the lien statement for the same cannot be extended by reason of the labor and material furnished in maintaining the plant and keeping it in repair afterwards.

As against Fjellman, who made the contract, the lien statement was in our opinion filed in time. Of course, the stipulation for maintaining the plant for one year did not of itself extend the time for filing the lien. On the contrary, this extension of the time of payment, if no additional labor or material had been furnished, would have waived the right to a lien for what had been done. Flenniken v. Liscoe, 64 Minn. 269, 66 N. W. 979. But, when plaintiffs entered into the contract, they took their chances as to whether or not it would be necessary to furnish, during the year, additional labor or material for which a lien might be claimed, and, if none was so furnished within 90 days of the end of the year, the lien for the whole claim would be waived.

The contract to construct the plant, and maintain it for one year after it was constructed, was, as between plaintiffs and Fjellman, one entire contract, even though it provided that a written guaranty should be executed when the original construction was completed. As against Fjellman, who made the contract, it is an entirety, and the lien statement was, as against him, filed in time to preserve the lien for the whole claim. But as to an innocent third party, who, after the plant was completed, acquired an interest in the property without actual notice or knowledge of the character of the contract, it should be regarded as in fact two separate contracts, one of which was to be completely performed before the other was to be commenced, and, as to such third party, the lien statement was not filed in time. If by one contract A. should employ B. to construct a house on the land of the former, and at the end of six months, after the house was fully completed, to commence the construction of a barn on the same land, and thereafter construct the same, it might be an entire contract, as between the

parties, requiring the filing of but one lien statement, while as to third parties it might for some purposes be regarded as two separate transactions, so that the time for filing the lien statement for each job or transaction would commence to run from the time of completing the same. The same principle may apply in this case.

As against a mechanic's lien, the rights of subsequent purchasers and incumbrancers are not, as a general rule, any greater than the rights of the owner who contracted for the improvement. But there are exceptions to this rule. Thus after it was supposed that the work had been completed, and it was accepted or taken possession of by the owner, he or his agent might extend the time for filing the lien by requiring additional work to be done to remedy defects subsequently discovered, and the time for filing the lien would commence to run from the completion of such additional work. National v. O'Reilly, 85 Ill. 546; Jeffersonville v. Riter, 138 Ind. 170, 37 N. E. 652; McIntyre v. Trautner, 63 Cal. 429. But after the work has been apparently completed, and all further work has ceased for an unreasonable length of time, and in the meantime a third party has acquired a right or interest in good faith for a valuable consideration, the owner who made the contract may thereafter waive his own rights, and extend, as against himself, the time for filing a lien by consenting to the performance of further work to remedy such defects; but he cannot waive the rights of such third party, or extend the time of filing a lien as against him. Nichols v. Culver, 51 Conn. 177; Cole v. Uhl, 46 Conn. 296; Sanford v. Frost, 41 Conn. 617; Conlee v. Clark, 14 Ind. App. 205.

In our opinion, the same principles apply here. But the burden is on these respondents to show that they are innocent purchasers or incumbrancers for value without notice; and, until that appears, they stand in no better position than Fjellman himself. The case at bar is in principle much like Northern v. Cleaveland, 129 Mass. 570, which we cited with approval in Scheible v. Schickler, 63 Minn. 471, 65 N. W. 920.

This disposes of the case, and the order appealed from is reversed.