(88 South. 566)

## OTIS ELEVATOR CO. v. SHEFFIELD REALTY CO. et al. (8 Div. 286.)

(Supreme Court of Alabama. April 14, 1921.)

1. **Mechanics' liens** ⬤═132(4) — **Six months' statute held to have expired at time of filing lien statement.**

Where contract was entered into January 2, 1918, for removal of old elevator in hotel to another location and to install new passenger elevator therein, and passenger elevator was completed June 5, 1918, and old elevator about June 21, 1918, *held*, that contract was completed June 21, 1918, and that statement of materialman filed in the probate office December 30, 1918, and a bill to enforce the lien filed January 13, 1919, were too late, Code 1907, §§ 4758, 4777, effecting a complete bar, and this was true although the contract provided for retention of title in elevator company until payment therefor and owner did not execute final acceptance of elevator until August, 1918.

2. **Mechanics' liens** ⬤═132(7) — **Guaranty to make good any defects developing within year does not extend time for bringing suit to enforce lien.**

The fact that materialman guaranteed to make good any defects which might develop within one year after installation of elevator did not serve to extend time for bringing suit to enforce a mechanic's lien, where nothing was done as to maintenance work subsequent to installation, although some repairs were done for a tenant, but not under the contract with the owner, under Code 1907, §§ 4758, 4777.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Bill by the Otis Elevator Company against the Sheffield Realty Company and others to establish a materialman's lien. From a decree granting insufficient relief, complainant appeals. Affirmed.

Suit to enforce materialman's lien on the Sheffield Hotel for the balance due appellant on two contracts made with the Sheffield Realty Company. One contract, dated January 2, 1918, provided for removing an old elevator and installing a new one; and the other contract provided for installing of a small elevator in the same building.

The court granted appellant relief and established a lien on the building for the amount due on the second contract, but denied relief for the amount due on the first contract. From the decree denying a lien for the amount due on the first contract appellant prosecutes this appeal.

The realty company had become bankrupt, and the trustee is made a party to this suit; complainant having obtained the authority of the bankrupt court for the filing of this bill. One Lagomarsino was also made a party, as he had advanced money in the sum of $40,000 to the realty company, which had executed a mortgage on the property here involved, bear-

ing date of September 7, 1918, and recorded October 24, 1918.

J. T. Kirk, of Tuscumbia, for appellant.

There need be no stipulation in the contract for a lien, nor need the contract be made with a view of charging the property. 89 Ala. 552, 8 South. 25. Security by retaining title to the elevator is a valid stipulation. 16 Ala. App. 280, 77 South. 430. The use of the machinery does not necessarily affix it to the realty. 181 Ala. 288, 61 South. 883. The title remains in the seller until the conditions of the contract are complied with. 110 Ala. 232, 20 South. 89; 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134; 8 Ala. 669. The lien was filed in time. 72 Minn. 465, 75 N. W. 705; 27 Cyc. 141, note 73.

Andrews & Peach, of Sheffield, for appellees.

The time within which a lien must be filed begins to run from the date of the last item of work done with material furnished under the contract. 79 Ala. 156; sections 4758 and 4777, Code 1907.

GARDNER, J. Suit for the enforcement of a materialman's lien, the general character of which is disclosed in the foregoing statement of the case.

The respondents ·pleaded the statute of limitation of six months, and this is the only question here presented.

[1] The first contract entered into between the Otis Elevator Company and Sheffield Realty Company was dated January 2, 1918, which was for the removal of an old elevator to another location in the hotel building and to install a new passenger elevator therein for the sum of $3,500. This passenger elevator was completed about June 5, 1918, its installation fully effected. on that day, and the installation of the old elevator completed about June 21, 1918. In April, 1918, another contract was entered into between these parties for the installation of a hand-power sidewalk elevator for the sum of $310. Relief was granted as to this item, and that particular contract therefore may be laid out of view.

The statement of the alleged lienor was filed in the probate office December 30, 1918, and the bill to enforce this lien was filed January 13, 1919. By the terms of the contract of January 2, 1918, payments were to be made one-half upon shipment of the engine, one-fourth when the engine was in permanent position, and. the remaining one-fourth when the elevator was in complete running order.

We have reached the conclusion, after an examination of the evidence—as did the learned trial judge as disclosed in his opin-

ion—that the work had been fully completed under this contract on June 21, 1918, and the elevator turned over to the realty company, and that the indebtedness under this first contract matured on that date. Such being the case, therefore, it appears that as to this contract the statute of limitation effected a complete bar. Sections 4758 and· 4777, Code 1907.

It appears that this contract provided for the retention of title in the Otis Elevator Company until payment therefor, and that in August, 1918, the Sheffield Realty Company executed what is referred to as a final acceptance of the elevator. The insistence is therefore made by counsel for appellant that not until the date of this final acceptance did it waive its right to claim title to the elevator and remove it from the building, and that therefore, as to the statute of limitation, time should be calculated from this latter date. We are of the opinion, however, that this provision of the contract under these· circumstances cannot serve the purpose of extending the period of time òr altering the statute of limitation, which requires a suit of this character to be commenced within six months after the maturity of the entire indebtedness secured thereby. Lane & Bodley v. Jones, 79 Ala. 156.

[2] The argument is further advanced that the complainant guaranteed to make good any defects which might develop within one year, and that this should serve to extend the time, citing Shaw v. Fjellman, 72 Minn. 465, 75 N. W. 705.

Whatever may be said as to this authority, as well as to the soundness of the principle here sought to be invoked, it is without application here, as we are persuaded that nothing was done as to maintenance work subsequent to June 21, 1918, when these elevators were in complete running order. True it appears that on July 24, 1918, some repairs were made upon the cable of the elevator, made necessary by an accident occurring when employees of the telephone company were installing telephones. in the hotel, but these repairs were made by the complainant, employed for that purpose by the Sheffield Hotel Company, which concern was then occupying the building as a tenant. This work was not done under the contract of January 2, 1918, or under a contract with the realty company, but was done and paid for by the tenant.

The contract referred to in the Shaw Case, supra, will be seen to be different from that here in question; but, aside from this, the foregoing facts demonstrate its lack of application to the instant case. Indeed, in that authority it was said:

"Of course the stipulation for maintaining the plant for one year would not of itself extend the time of filing the lien."

We are of the opinion the decree of the court below is correct, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.