J. ADELMAN, INC., Plaintiff, *v.* CHURCH EXTENSION COMMITTEE OF PRESBYTERY OF NEW YORK and Others, Defendants.

City Court of New York, New York County, April 3, 1930.

*Max L. Arons* [*Robert Seelav* of counsel], for the plaintiff.

*McAlpin, Kauffman, Merle-Smith & Smart* [*Paul H. Smart* of counsel], for the defendants.

LIPPE, J.   This is an action brought by the plaintiff against the defendants, the Church Extension Committee of the Presbytery of New York, as owner, the Trustees of the Presbytery of New York, 208 West Twenty-third Street Corporation, and the Chelsea Building Corporation, a lessee for a term of years, to foreclose an alleged mechanic's lien.   The claim of the plaintiff arises out of a contract, plaintiff's Exhibit 1, dated the 2d day of June, 1927, entered into between the plaintiff and the defendant, the Chelsea Building Corporation.   The contract provided that the plaintiff would furnish labor and materials necessary to complete the finished hardwood flooring, and the defendant Chelsea Building Corporation undertook to pay therefor the sum of $19,350, on account of which there is claimed

to be due a balance of $2,178. Subdivision 1 of paragraph 9 of said contract provided " that the contractor [the plaintiff] will bear, be liable for and make good any and all loss and damage which may accrue to the owner as a result of faulty workmanship or materials or due to the negligence of himself or any of his employees or subcontractors which may appear in or upon his work or materials or any part thereof at any time prior to final completion and acceptance of all his work hereunder and during the term of his guaranty after the date of the acceptance by the owner of the work and materials to be furnished hereunder." Paragraph 11 of the contract further provides " that certificates or receipts given or payments made for work executed or materials furnished shall not constitute an acceptance of any work or materials found during the life of this contract or during the life of his guaranty to be defective." This contract, plaintiff's Exhibit 1, is signed by the Chelsea Building Corporation and the plaintiff, and purports to embody all the terms of said contract to be performed by either party, except that supplementary thereto and as part of the original transaction the plaintiff executed a writing marked in evidence as part of Exhibit 1, wherein the said plaintiff, " in consideration of the payments made to it and other considerations guaranteed " all the materials furnished and work done by it at said building for a period of one year from the date of final acceptance of said work and materials, and further agreed, in case any defects in said materials and workmanship appeared during the period of guaranty, plaintiff agreed to immediately repair same in a proper and satisfactory manner, or in case of failure to repair such defect immediately after notice, to pay to the builder the cost of such repairs, and further agreed to make good at its own expense all damages to the building resulting from such defects in the material or workmanship or necessitated by the repairing of such defects.

The plaintiff's lien is for a balance claimed to be due for work performed under the main contract and does not seek to recover for any work performed during the subsequent period of the year covered by the alleged guaranty. The testimony establishes the plaintiff completed the work under the main contract in or about December, 1927, and that a demand was made by the plaintiff at that time for final payment from the defendant Chelsea Building Corporation, which executed and delivered to the plaintiff its promissory note for the amount of said balance payable under said main contract except for a sum of approximately $178, which was withheld by the Chelsea Building Corporation. More than a year thereafter, to wit, on the 27th of February, 1929, the plaintiff filed a mechanic's lien against the defendants for the work performed

prior to December, 1927. The defendants contend that the said lien was not filed within four months after the completion of said work as required by section 10 of the Lien Law (as amd. by Laws of 1916, chap. 507). Plaintiff claims that by virtue of certain work, labor and services, consisting of repairs performed on the 12th day of December, 1928, it acquired a valid lien under the Lien Law against the defendants for the labor and materials furnished prior to December, 1927. The evidence offered by the plaintiff establishes that some work in the nature of repairs was performed on the 12th of December, 1928, but the evidence is uncontroverted that the labor was performed and materials furnished for which the lien is claimed prior to December, 1927.

There is some dispute as to whether the repairs were performed under the terms of the main contract or under the agreement of guaranty, and whether it was done on behalf of the Chelsea Building Corporation though Mr. Weinberg, its president, or whether at the. request of the defendant the Church Extension Committee through Mr. Weinberg, its alleged representative. There is evidence in the case to the effect that said work constituted certain changes in the flooring arising out of certain alterations in the partitions of said premises not in any manner relating to the original work to be performed under the main contract or under the guaranty.

At the close of the plaintiff's case the defendants, the Church Extension Committee of the Presbytery of New York, the Trustees of the Presbytery of New York, and 208 West Twenty-third Street Corporation moved to dismiss upon the ground that the plaintiff failed to prove facts sufficient to constitute a cause of action against them, that it failed to acquire a lien under the Lien Law, among other grounds, upon the ground that the lien was filed more than four months after the furnishing of the labor and materials provided for under the main contract and claimed in the lien. Section 10 of the Lien Law of the. State of New York (as amd. by Laws of 1916, chap. 507) provides that " the notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or within four months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished."

It follows that, if the plaintiff completed the work specified under the main contract on or before December, 1927, the filing thereafter of the lien in February, 1929, would be beyond the four months' statutory period and the plaintiff would have no lien for said labor and materials furnished over a year prior to such filing. Such work as was performed thereafter was performed pursuant to the

provisions of the alleged guaranty or work outside of the contract and the guaranty. The question is, therefore, presented whether the furnishing of the labor and materials under said guaranty or independent work permitted the filing of a lien in February, 1929, for the work performed prior to December, 1927. I find no authority under the provisions of section 10 of the Lien Law (as amd. by Laws of 1916, chap. 507) or in any decided case submitted by the parties which holds that the performance of the work under an independent guaranty a year after the completion of the work provided for in the main contract extends the time to file a lien four months after the repair work performed under the guaranty. I am of the opinion that it would be in direct conflict with the provisions of section 10 of the Lien Law and the purpose and intent of said enactment. · Such a construction would make a lien valid against subsequent purchasers, mortgagees or other parties acquiring an interest in said real estate more than four months after the completion of the work provided for in said main contract. Inasmuch as the defendants the Trustees of the Presbytery of New York and the 208 West Twenty-third Street Corporation are not named in said lien, no lien exists as against them. I am further of the opinion that the lien is not in compliance with the Lien Law of the State of New York with reference to necessary allegations. The evidence further establishes that the defendant the Church Extension Committee of the Presbytery of New York did not acquire title to said premises until November 26, 1928. Inasmuch as the lien is sought to be enforced against them upon the theory that it consented to the improvements and the labor and materials installed in said premises in 1927, it is obvious that any work performed prior to November, 1928, cannot be construed to be with the consent of said defendant.

Upon all the grounds set forth in the motion to dismiss, I grant judgment against the plaintiff in favor of the defendants the Church Extension Committee of the Presbytery of New York, the Trustees of the Presbytery of New York, and 208 West Twenty-third Street Corporation dismissing the complaint, with one bill of costs to the defendant the Church Extension Committee of the Presbytery of New York. It appearing by the evidence that there is a balance due to the plaintiff against the defendant Chelsea Building Corporation for the sum of $2,178 unpaid, plaintiff is entitled to personal judgment against said defendant in said sum. Submit findings and decision in conformity with the foregoing.