Madden, Judge,
concurring in part and dissenting in part:
I disagree with the opinion of the court as to the sum of $1,451.87 which is included in the judgment. This sum represents the increased costs incurred by the contractor in performing the contract down to the time when the work was accepted by the Government. Since, as is shown by the findings and the opinion, the work was completed and accepted on June 5, 1984, and the plaintiff’s claim under the 1934 act was not filed until March 11, 1935, that claim was filed too late if June 5 was the date of “completion of the contract,” within the meaning of that act.
The opinion of the court treats the contract to do the prescribed work, and to warrant life of the trees and shrubs for 18 months, as single, and as keeping performance incomplete until the expiration of the 18 months period of the warranty. I think the warranty should be treated, for this purpose, as a separate and supplementary provision.
The only situation analogous to the present one which the parties have pointed out, is that of the time of the filing of mechanics’ liens, under state statutes requiring that, to be effective, they must be filed within a specified period after “the completion of the contract” or “the final performance of the work” or “the last furnishing of labor or material” or words of similar import. All the cases seem to hold that the lien is filed too late, if it is not filed within the specified period *179 after the work is done and turned over to and accepted by the owner, even though it is filed within the specified period after further work is done by the contractor by way of repair or replacement of defective materials pursuant to an express or implied warranty. See Bailey Meter Company v. Owens-Illinois Glass Company, 108 Fed. (2d) 468 (C. C. A. 7th); Taylor Bros. v. Gill, 126 Okla. 293, 259 Pac. 236; Fox & Co. v. Roman Catholic Bishop of the Diocese of Baker City, 107 Ore. 557, 215 Pac. 178; Coffey v. Smith, 52 Ore. 538, 97 Pac. 1079; Hammond Lumber Co. v. Yeager, 185 Cal. 355, 197 Pac. 111; Holmes v. S. H. Kress & Co., 100 Okla. 131, 223 Pac. 615; Otis Elevator Company v. Sheffield Realty Co., 205 Ala. 488, 88 So. 566; Garrett v. Lishawa, 36 Ohio App. 129, 172 N. E. 845; Adelmam, Inc. v. Church Extension Committee of Presbytery of New York, et al., 241 N. Y. Supp. 197,136 Misc. 810.
For the practical reason that a serious incumbrance on the title to land should not be permitted to spring up after the relatively short period which legislatures set for the filing of these liens, merely because some work supplemental to the work contracted for is done at a later time, the courts in the mechanic’s lien cases have treated the warranty as a separate contract. I recognize that there is, perhaps, not an equally strong reason of policy in this N. E. A. case urging toward the same result. But I think that the parties to such a contract really regard the warranty as a supplement to, rather than a part of, the contract, and no reason now occurs to me why an express warranty, such as appears in this case, should be treated differently from the implied warranties which are a part of every contract for construction or for furnishing materials. If there is no difference, the decision of the court in this case might have the effect of reopening N. E. A. cases which have been thought to be outside our jurisdiction because the claims for increased costs were not filed within the prescribed period after the “completion” of the contract in the sense in which I think Congress used that word.
Jones, Judge, took no part in the decision of this case.