Marcus G. Christ, J.
This is an action to foreclose a mechanic’s lien for work done by the plaintiff in building three septic tanks on land of the defendant corporation.
At the close of the plaintiff’s case defendants’ motion to dismiss was granted in part. The lien was held bad since it was filed more than four months after the last work was done. The plaintiff had been called to correct a defect but he delayed his visit. In the meantime the correction was made by another so that when plaintiff eventually arrived he made an inspection but did no work. The date of this inspection was within four months of the filing of the lien but there was nothing done for the improvement of the property as required by section 3 of the Lien Law, the last previous work having been completed months before. The action against the individual defendant Rogers was dismissed. He was an officer of the corporate defendant and it was made clear to the plaintiff at the time of *394 the hiring that this work was for the corporation. However, the action was continued pursuant to section 54 of the Lien Law, for judgment in personam against the corporation.
The plaintiff claims that the price was to be $250 per cesspool unless bank run sand was used, in which event the price was to be $300. The defendant contends that the price was $250 per cesspool. A business card delivered by the plaintiff to Rogers, president of the defendant corporation at the time of the agreement contains these words ‘ ‘ 250.00 with no bankrun per septic tank ’ ’ signed by plaintiff April 10, 1954.
Upon this point the court finds for the plaintiff i.e., that if bank run were used the price was to be $300. It is undisputed that bank run was used.
Defendant contends that the work was not done in a good workmanlike manner and in accordance with the plans and specifications submitted to plaintiff when the agreement was made. No specific divergence from the plans is noted but it is claimed that the covers cracked and that at least in one case the sewage backed up into the house and sump pumps had to be installed to keep the systems working properly. The covers were a standard cover used for this work and they were made specially for the purpose. They were óf a heavy edge, arched in the center with an enforced concrete slab, about one inch thick.
The plaintiff who is an experienced workman testified that such covers are adequate and proper for the purpose; that when he left the job it was not backfilled, that being the responsibility of the defendant; that when he returned and saw the backfilled work he noted the tracks of a tractor over the work. The court finds that the covers were adequate and sufficient and that such breakage as occurred was not the defect of the plaintiff’s work.
As to the water in the tanks. The location of defendant’s property is in an area where the ground water is close to the surface of the ground. That such flooding as occurs is not the fault of the construction of the tanks but is due to the fact that in times of high ground water resulting from rain, the contents of the tanks cannot leach off into the soil. This is borne out by the fact that the sump pumps installed by defendant do not pump sewage but rather de-water the ground water in the vicinity of the tanks to permit better seepage.
Although there was no specific prayer for personal judgment against the corporation the trial proceeded on this theory after the close of the plaintiff’s case.
No formal motion to amend the prayer for relief was made, but this case was in the process of trial. The wasteful procedure *395 of a new trial would have been resorted to, and it is better that the issues be resolved and the complaint be deemed by the court to be amended so as to permit judgment in accordance with the facts and the equities in the case (Noce v. Kaufman, 2 N Y 2d 347, 352).
Judgment for the plaintiff in the sum of $900, with interest thereon from the 27th day of July, 1954, and costs against the defendant National Constructors, Inc.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.