Fred J. Munder, J.
The complaint herein states two causes of action in which the plaintiff seeks to foreclose on two separate mechanic’s liens. The first is allegedly based on a contract between the plaintiff and the owners (George and Elsie Goode) for the construction of dog kennels in connection with the building of a small animal hospital. The second cause is based on a subcontract let by the defendant, Redkell Associate Builders, the general contractor, in connection with the construction of the hospital itself.
The defendant, Alex E. Horton, another lienor, moves for summary judgment dismissing the complaint on the grounds that the plaintiff did not comply with the mandatory provisions of section 10 of the Lien Law which require that the notice of lien be filed ‘ ‘ within four months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished ”.
The notice of lien was filed with the Suffolk County Clerk on January 17, 1957, stating that the last items of work were performed and the last items of material furnished on the 17th day of September, 1956.
It is conceded that on September 14, 1956, the general contractor abandoned the job and the general contract was can-celled. The defendant Horton contends that the last day on which work was performed and materials were furnished by the plaintiff was September 14, 1956; and that, if additional work had been performed and materials furnished on September 17, the plaintiff’s time to file a lien could not thereby be extended, he knowing that the contract between Redkell and the owners had been abandoned by mutual consent three days beforehand.
*67 I am satisfied, as this defendant argues, that the plaintiff could not bind the owner and thus secure a claim on the lienors’ fund by performing work at a time subsequent to the abandonment of the main contract, since abandonment was the equivalent of completion for the purpose of the statute (citing 64 A. L. R 276, Ann.), and any work done subsequent to completion, being purely voluntary and not in furtherance of the contract, could not be used to bring the last item of his account down to that date.
There is no suggestion here that the owner requested any work after September 14, 1956, nor is there any evidence that any work was done on the alleged separate contract for the kennel, as set forth in the first cause of action, on any date within the four-month period prior to the filing of the lien. Even if we were to assume that the plaintiff did the work he said he did on September 17,1956, in good faith, in performance of his obligation under the subcontract with Redkell, that would not extend his time to file a lien in respect to the other contract.
The plaintiff, having failed to establish a valid lien, must be relegated to what remedy he may have under section 54 of the Lien Law, and the motion to dismiss the complaint as to the defendant, Horton, is granted, with $10 costs of the motion.
Submit order.