Nathaniel T. Helman, J.
This case was tried by the court without a jury, findings of fact and conclusions of law having been waived.
Plaintiff brought this action to foreclose a mechanic’s lien on property located at 515 West 187th Street in the Borough of Manhattan. A second cause of action was added for goods sold and delivered consisting of fuel oil delivered at the said premises.
Defendant has raised various questions relating to the validity of the lien as filed and these will be separately considered. Since this action was commenced and tried in the City Court, County of Bronx, defendant contends that the complaint must be dismissed under section 183 of the Civil Practice Act, upon the ground that the property involved is located in the Borough of Manhattan. The question was raised for the first time in the course of the trial, no previous effort having been made by defendant to change the venue of this action either by pleading or by motion.
Defendant, of course, overlooks the provisions of section 186 of the Civil Practice Act which, together with rule 146 and section 48 of the New York City Court Act provide a method for changing the venue of a litigation not brought in the proper county.
The fact that the language of section 183 is mandatory in form does not nullify the rights of a litigant who has completed the trial of his litigation in a county other than that in which the property is located. (Reichenbach v. Corn Exch. Bank Trust Co., 249 App. Div. 539.)
Defendant’s contention that the above-described rules are applicable only to actions in the Supreme Court is likewise without force, since section 65 of the City Court Act embraces questions such as are here presented by conforming City Court practice with the provisions applicable to the Supreme Court.
The second objection of the defendant to the granting of the equitable relief requested by the plaintiff appears to have more validity. It is the claim of the defendant that the lien filed by the plaintiff failed to comply with the requirements of section 10 of the Lien Law in that the same was not filed within four months after final performance of the work or the furnishing of materials. Section 10 prescribes three periods within which a notice may be filed: (a) at any time during the progress of the work; (b) within four months after completion of the *704 contract; (c) within four months after final performance of the work or furnishing of materials. Plaintiff’s testimony indicated that nine items of work, labor and materials were supplied to defendant between January 29,1958 and January 29, 1959. The lien was filed on April 26, 1959. In explanation of its failure to effect due filing within the four-month period plaintiff claims that all of the items were part of an entire contract. With this contention the court cannot agree.
Two separate agreements were involved. One was an ordinary service contract by the provisions of which the plaintiff undertook to render emergency service to the oil burner on defendant’s premises during a one-year period commencing February 25, 1958. Other than the general requirement that upon request of the defendant it would supply emergency services involving repairs to the oil burner, no specific work was undertaken by plaintiff under its contract. If in the course of the contract period defendant required the supply of emergency repairs, then the dates when such labor and materials were supplied would be the applicable dates under section 10 of the Lien Law (Locke v. Goode, 10 Misc 2d 65; Nelson v. Schrank, 273 App. Div. 72).
A second contract dated March 25,1958, involved the installation of a rebuilt burner. The contract contained a provision to the effect that all work thereunder was to be guaranteed for a period of one year. It is on the basis of this undertaking that plaintiff claims the right to file its lien within four months after the expiration of the one-year period. The difficulty with plaintiff’s position is that the guarantee did not involve an agreement to perform specific labor and to supply specific materials during the one-year period. It would, in the court’s belief, be in conflict with the intent and meaning of section 10, to hold that obligations undertaken by collateral covenants could alter the time restrictions specifically established by section 10. (J. Adelman, Inc. v. Church Extension Committee, 136 Misc. 810.)
The items of work, labor and materials falling directly within the four-month provision are those of January 26, 28 and 29, 1959, making a total of $190.75. As to those, the court finds the lien valid and subsisting and the relief demanded by the plaintiff will be granted.
It is further contended by the defendant that the court is without power to grant a personal judgment to the plaintiff with respect to any balance due it under the first cause of action, citing the authority of Nelson v. Schrank (supra). It would appear from a reading of the majority opinion in that case *705 that the court denied to plaintiff a personal judgment against the defendant upon the ground that plaintiff’s complaint was limited in its demand to equitable relief. The learned dissenting opinion in that case has carefully pointed out that such a determination ran counter to the established equity principles that a Court of Chancery acquires jurisdiction for all purposes and has the basic right to determine the whole case.
It would appear that sections 54 and 64 of the Lien Law were intended to broaden the power of the court to grant personal judgments where an invalid lien has been found. It would indeed place unnecessary emphasis upon technical procedures if an additional trial were required when all of the issues in this litigation have already been resolved on the basis of testimony submitted by both parties. Apparently the trend of more recent decisions has been away from the doctrine of the Nelson case. In Smith Bros. Plumbing Co. v. Engine Air Serv. (307 N. Y. 903) the court at page 906 pointed out that: “At one time the rule was that if one did not prove a valid lien, equity was without power to give judgment for the moneys due. * * * That rule has now been changed so that the court may retain the action and award a money judgment to any party to the action.” The court’s opinion included references to sections 64 and 54 of the Lien Law. In the more recent case of Fox v. National Constructors (8 Misc 2d 393), a judgment in personam was granted notwithstanding that there was no specific prayer for personal judgment and that no formal motion to amend the prayer for relief had been made. With the reasoning in the latter cases this court is in complete agreement. The fact that the language of plaintiff’s prayer for relief may not meet the literal requirements for the granting of personal judgment, should not defeat its claim.
The second cause of action involves the shipment of fuel oil to the defendant over a long period of time during the course of which accounts were stated between the parties and the records of the plaintiff indicate an unpaid balance in the sum of $2,959.59.
Defendant’s assertion that as a result of the installation of a new burner and boiler it was able to use less gallonage, subsequent to the removal of plaintiff’s burner, cannot have the effect of denying to the plaintiff its right to recovery for the merchandise sold and delivered. The burner installed by the plaintiff under the contract of March 25, 1958, was by its provisions a “rebuilt Petro Burner The fact that a new burner and boiler could reduce the consumption of oil was something that the defendant should have taken into considera *706 tion at the time when it entered into the purchase agreement of March 25.
On all of the factual issues involving the sale and delivery of such fuel oil, the court finds in favor of the plaintiff and against the defendant. Accordingly, judgment will be rendered in favor of the plaintiff for foreclosure of its mechanic’s lien in the sum of $190.75, together with a personal judgment against the defendant in the sum of $1,308, on the first cause of action, with interest from January 29,1959, and on the second cause of action in the sum of $2,959.59, with interest from the 25th day of February, 1959.